# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL JASON ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-09-717-R |
| | ) |
| DAVID MILLER, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach [Doc. No. 34] and Petitioner's Objection to the Report and Recommendation [Doc. No. 35]. Petitioner makes a conclusory objection to the entire Report and Recommendation and refers to his lack of legal assistance and knowledge and his limited access to the law library. He also complains that the purported statement in the Report and Recommendation that he is guilty even if the jury had heard his brother's "confession" amounts to a deprivation of his constitutional right to a jury determination as to when the conspiracy ended. Although not required, the Court has reviewed the entire Report and Recommendation *de novo*. The Court fully concurs in the findings and conclusions of the Magistrate Judge in his thorough Report and Recommendation.

Petitioner does not correctly paraphrase what the Magistrate said as to Petitioner's guilt in light of his brother's "confession" to killing Mr. Street. What the Magistrate Judge said was that Petitioner's "role as a coconspirator could have led to guilt even if a jury had believed the confession." Report and Recommendation at p. 5. In other words, even if

Petitioner's brother's plea of guilt to the murder of Mr. Street had been admitted into evidence at Petitioner's trial and the jury had believed Petitioner's brother's confession, a reasonable jury could have found Petitioner criminally responsible for the murder as a coconspirator. Accordingly, the purportedly "newly discovered evidence" of Petitioner's brother's "confession" would not be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found Petitioner guilty of first degree murder as a coconspirator. However, in any event, Petitioner's claim based upon the purportedly newly discovered evidence is a "freestanding" claim of "actual innocence," which cannot serve as a basis for habeas relief. Moreover, the Court finds that Petitioner has failed to show that Petitioner's brother's "confession" on August 24, 2005 could not have been previously discovered through the exercise of due diligence, that is, before Petitioner filed his application for post-conviction relief. *See* 28 U.S.C. § 2254(e)(2)(A)(ii).

To the extent Petitioner sought to show his actual innocence to establish that a fundamental miscarriage of justice would occur if the court did not review Petitioner's procedurally defaulted claims, i.e., as a "gateway" claim, again the Magistrate Judge correctly concluded that "[e]ven if the brother had independently decided at the last minute to commit murder, the Petitioner would have remained criminally responsible," Report and Recommendation at p. 46, citing pp. 13-14 of the Report and Recommendation.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 34] is ADOPTED in its entirety and the petition of Michael Jason Roberts

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Petitioner's request for an evidentiary hearing is also DENIED.

IT IS SO ORDERED this 11th day of August, 2010.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE